# IN THE COURT OF APPEALS OF IOWA

No. 21-0102
Filed December 7, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DEMETRIAS ALAN MARTIN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.

Demetrias Martin appeals his sentence following resentencing.
**AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Chicchelly, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GAMBLE, Senior Judge.**

The district court resentenced Demetrias Martin in accordance with our opinion in *State v. Martin*, No. 19-0409, 2020 WL 4498038, at *10 (Iowa Ct. App. Aug. 5, 2020), wherein we recognized retroactive changes to Iowa Code section 902.12 (Supp. 2019) required Martin be resentenced. Section 902.12(3) provides a person convicted of robbery in the first degree shall be denied parole or work release until the person has served between fifty and seventy percent of the maximum term of imprisonment as determined under section 901.11(3) and requires the court to determine eligibility based on all pertinent information including "a validated risk assessment." In compliance with an order following remand, the department of correctional services evaluated Martin's level of risk using the Iowa Risk Assessment Revised (IRR). The department included the following summary of the results in an addendum to the presentence investigation report (PSI),

> On November 03, 2020, [t]he defendant was assessed utilizing the [IRR]. The [IRR] is a brief actuarial instrument used to estimate offenders' level of risks associated with them violently reoffending and their continuous victimization. The defendant is noted to have scored a [h]igh risk for violent recidivism, and a [m]oderate/[h]igh risk for continuous victimization, with an intensive level of recommended correctional supervision.

The parties discussed the PSI at the resentencing hearing, and the court read the addendum to Martin who appeared remotely. Defense counsel objected to the court's consideration of the IRR addendum stating,

> I don't think that the way our Seventh Judicial District does the risk assessment really qualifies as providing my client with any due process. Just because it's statutorily authorized doesn't mean that it's, necessarily, the way it's being used, appropriate.

I would say, you know, that when we're talking about sentencing, you know, my client, the defendant, has the right to be sentenced based upon accurate information and he has the right to challenge facts and circumstances that might impact his sentencing.

You know, what we have here is just a conclusory statement, just that he's high risk. I don't have the ability to cross-examine anybody as to why that is, what criteria were used, or standard, or questions, you know, what answers were given, whether it was norm to local populations. I don't have any way to respond to that at all. It's just a conclusory statement, and I don't feel that it's fair for that to be considered.

I understand that it's statutorily authorizes to consider the [IRR]. I think the way the Seventh Judicial District does it, we just get a conclusory statement, poses a big problem for me as a defense attorney. And so I raise the objection to using that simply because I think to do my duty and to be an effective defense attorney I have to point out that I don't have any way to challenge that, and it appears to be a big part of what the court might consider. You know, I think it's unfair to use that to determine, you know, the length of the sentence, you know, the severity of the sentence, because I don't know what—what went into it.

Defense counsel supplemented his objection by adding the IRR was completed without meeting with Martin.

The court responded by acknowledging it is statutorily required to consider a validated risk assessment, but the court explained:

I understand the factors that [defense counsel] has pointed out. And the court can only weigh the validated risk assessment minimally because the court doesn't have the factors on which that assessment has relied either to make its own determination of whether or not that's appropriate. However, I have taken it into consideration, as required by the code, but I don't think that I'm weighing it heavily by any means since I don't know what factors it relied on either, other than what's, I guess, in the instrument that they use.

The court went on to set a seventy percent mandatory minimum. Martin appeals.[1]

---

[1] Martin filed a pro se notice of appeal while still represented by counsel. Counsel filed a notice of appeal several months later. Our supreme court ordered the parties to complete supplemental briefing to address whether the appellate courts have jurisdiction because Iowa Code section 814.6A(1) prohibits courts from considering pro se filings while the defendant is represented by counsel and

**I. Scope and Standard of Review**

"'Our review of a sentence imposed in a criminal case is for correction of errors at law.' We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (internal citations omitted). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted). Because we presume a sentence is valid, "[a] defendant must affirmatively show that the sentencing court relied on improper evidence to overcome this presumption of validity." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

**II. Discussion**

On appeal, Martin argues the court should not have considered the IRR summary contained in the PSI because there was no evidence presented at the resentencing hearing to establish the IRR as a "validated" risk assessment for use in sentencing decisions. He highlights that "there was no information to inform the court what the assessment was based on or the reasons for the results."

However, as the State points out, we have no reason to believe the IRR was not validated given the record before us.[2] And "if we need further evidence to

_____

whether the court should grant a delayed appeal. In light of the reasoning in *State v. Davis*, 969 N.W.2d 783, 787 (Iowa 2022), which the supreme court issued after the parties submitted their supplemental briefing, we grant Martin a delayed appeal.

[2] We have recognized the IRR is a validated risk assessment tool. *See State v. Jacobson*, No. 18-0050, 2019 WL 5067127, at *2 (Iowa Ct. App. Oct. 9, 2019) ("The PSI included a risk assessment completed for Jacobson using the Iowa Risk-Revised (IRR), a validated assessment tool.").

determine if [a] sentencing factor is improper, the defendant must object to the factor *and* ask to make the appropriate record before sentencing." *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019) (emphasis added). Martin objected to the validity of the IRR, *cf. State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018), but he did not present any evidence to support a finding that it is not a validated risk assessment.

So we agree with the State that for Martin to adequately challenge the validity of the IRR he was required to "make the appropriate record" at the sentencing hearing. *See Headley*, 926 N.W.2d at 550. We understand he questions the process and finer points of the IRR. At sentencing, Martin's counsel objected to the way the IRR was being used, its accuracy, the conclusory statement of risk, and whether the IRR was normed to local populations. These are proper objections to question whether the IRR is a validated risk assessment as contemplated by section 901.11(3). *See State v. Guise*, 921 N.W.2d 26, 31–32 (Iowa 2018) (Appel, J., concurring specially) (citing *Malenchik v. State*, 928 N.E.2d 564 (Ind. 2010); *State v. Loomis*, 881 N.W.2d 749 (Wis. 2016), *cert. denied*, 137 S.Ct. 2290 (2017)). But Martin did not take the next step of developing a record to establish the IRR was not validated. Martin could have called the PSI investigator to testify about the department of correctional service's use of the IRR and its conclusions. He also could have called an expert witness on risk assessments to testify about the limitations of the IRR and whether it was normed to the local population. *See Guise*, 921 N.W.2d at 34 (Appel, J., concurring specially) (recognizing challenging the validity of a risk assessment will often require input from experts). Martin had an adequate opportunity to mount a

challenge to the validity of the IRR but didn't.[3]  Without a "record before us on the risk assessment tool" we cannot assess the validity of the risk assessment tool. *See Headley*, 926 N.W.2d at 550.

Accordingly, we conclude the district court did not abuse its discretion, and we do not disturb Martin's sentence.

**AFFIRMED.**

---

[3] The district court resentenced Martin on January 7, 2021.  The addendum to the PSI was filed on November 4, 2020, and Martin's counsel discussed it with him on December 7, 2020.  So Martin and his counsel had more than a month to prepare a challenge to the validity of the IRR.  *See Guise*, 921 N.W.2d at 34 (Appel, J., concurring specially) ("But one thing is clear: if the [S]tate intends to offer risk assessments for the court to rely upon in sentencing, the defendant has a right to an adequate opportunity to attack it.  If the court does not give the defendant an adequate opportunity to attack the statistical evidence, it should not be utilized in sentencing.").